Gorman, J.
Decision on motion for security for costs.
This cause is here on appeal from a judgment of a justice of the peace. The judgment below was in favor of plaintiff for a sum of money and for oosts. The defendants appealed and perfected their appeal by giving bond as required by law, and to the approval and satisfaction of the justice of the peace.
A motion is now interposed by defendants to require plaintiff to give security for costs, on the grounds, that the plaintiff is a non-resident of this county and state. This fact is admitted by the plaintiff’s counsel. No motion of this character was made in the justice’s court.
It is contended by plaintiff’s counsel that inasmuch as the defendants have appealed and brought the cause and the plaintiff into this court, this motion ought not to be granted and that the statutory provisions with reference to requiring security for costs (Sections 11614 to 11620, General Code, inclusive) apply only to causes originally commenced in the court of common pleas.
Section 11614, General Code, makes no exception as to appeal cases, but the provisions thereof seem to be general and applicable to all causes of action in the court of common pleas. The surety is bound for the payment of all costs which may be *363 adjudged against the plaintiff in the court in which the action is brought, or in any other court to which it may be carried.
The provisions of Sections 10483 and 10484, General Code, for security for costs in justice’s courts, apply only where the plaintiff is a non-resident of the township in which the action is brought, and do not reach a case where the plaintiff is brought into the common pleas court on appeal. The object of the statutes with reference to requiring security for costs is to place the defendant in a position where he may recover his costs on execution in case the final judgment may be in his favor; and therefore it is required that the surety must be a resident of the county (Section 11614, General Code).
The court is of the opinion that this case falls within the rules laid down in the case of Hull v. Burson, 61 O. S., 283. In that ease it was held that a surety on an undertaking for costs in a justice’s court under Section 6701, Revised Statutes (Section 10483, General Code), is liable only for the costs made in that court, and not for costs made in the action in the court of common pleas on appeal.
On pages 285 and 286 Judge Spear in deciding the case uses this language:
“Now the subject-matter in question is the securing by the plaintiff of costs accruing in the court of common pleas. Referring to the section .dealing with the securing of costs in that court (5340, R. S.; 11614, General Code), we find it provided that the plaintiff, if a non-resident of the county, must furnish security for costs. As to a plaintiff resident of the county, no such requirement is made. This applies as well to actions which may be appealed into that court as to those lohich are originally commenced there, and it is common practice for that court, in appeal eases as well as others, to require the plaintiff, if a nonresident of the county, to furnish security for costs.”
In the case at bar the plaintiff is not only a non-resident of this county, but of the state; and it does not follow that he will recover a judgment in the common pleas court merely because judgment was rendered in his favor before the justice; and in case judgment should be rendered in this court in favor of defendants, how are they to make their costs out of a non-resident of this state and county?
*364 There appears to be no-more reason for requiring a non-resident of the county, in a case originally brought in the court of common pleas, to give security for the costs, than in a ease on appeal. Both the statute and reason apply in the one case as well as in the other.
This view of the. matter is further sustained in the cases of: Stewart v. Smith, 73 O. S., 62; In re the Will of Robert Barr, 30 Bull., 386.
The motion to require plaintiff to give security for costs will, for the reasons stated, be granted.